

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mrs. Ella Mae Murphy, Member
State Board of Hairdressers
and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-6222
Re: Rules of State Board of
Hairdressers and Cosme-
tologists governing ap-
plications for the State
Board Examinations.

This will acknowledge receipt of your letter of
September 22, 1944, requesting the opinion of this depart-
ment as to whether certain rules and regulations promulgated
by your Board, a copy of which was enclosed, are legal and
binding.

We quote from your letter as follows:

"At a meeting of this Board held March 6,
1944, the attached resolution was adopted. (Sec-
tions 7(b), 11(a), and 15(a)).

"Since we have from five hundred to one thou-
sand applications for an examination, we find it
necessary to have these applications filed at
least fifteen days in advance of the first day of
examination session in order that we can properly
check applications, make the necessary recordings,
and get a notice to the student that she is eligi-
ble to appear on the specified date.

"We respectfully request your opinion to know
if we have authority under the law to require the
student to be a graduate of a duly licensed and
recognized beauty school after having completed the
one thousand hours in not less than six months
before making an application to this Board for exam-
ination; and do we have authority to refuse to accept

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Ella Mae Murphy, page 2

student for examination at that session if they fail to meet the fifteen day requirement."

We quote from the above mentioned resolution as follows:

"The following resolution was adopted at a meeting of this Board, March 6, 1944:

"Motion was made by Mrs. Murphy that the Board adopt a ruling to follow the law as specified in Sections 11A and 15A, covering eligibility of students for examination:

'A student prior to making application to the Board for examination, must complete 1000 hours in not less than six months, take a final examination, graduate, and be issued a diploma from a duly licensed and recognized Beauty School, and said application must be filed with this Department fifteen days prior to the first day of examination session.'

"(The case of Gladys Waters, who was enrolled as a student in the Orval Beauty School of Wichita Falls, is used as an example.) The file shows the history of this case. The motion was seconded and carried."

Section 4(b) of Article 734b, Vernon's Annotated Penal Code, reads as follows:

"The majority members of the Board shall constitute a quorum for the transaction of business. The Board shall prescribe the rules for its government and have a seal with which to authenticate its acts."

Mrs. Ella Lee Murphy, page 3

Section 9 of Article 734b, of the Penal Code, reads as follows:

"The Board shall hold regular meetings for the examination of applicants in the capital of the State, on the second Tuesday in January and July of each year, and at such other times and places as the Board may deem necessary, and such examination shall be conducted under the rules provided by said Board and shall include practical demonstration and written and oral tests in reference to the practices for which a license is applied for and such related subjects as the Board may determine necessary for the proper and efficient performance of such practices, and such examination shall include sanitation and hygiene, the use of cosmetics, the application of electrical and mechanical equipment and applicances, anatomy and dermatology, and such other kindred subjects as may be necessary and prescribed by the Board to determine one's fitness and qualifications as a hairdresser or cosmetologist.

Section 11(a) of Article 734b, of the Penal Code, provides:

"No school of Beauty Culture shall be granted a certificate of registration unless it shall employ and maintain upon its staff a sufficient number of instructors, who shall be registered hairdressers or cosmetologists having had at least three (3) years practical experience and high school education or the equivalent thereof, and said instructors shall be required to pass an examination conducted by the Board of Examiners to determine their fitness as teachers, provided, however, that the examination of teachers shall not be required of persons who have been teaching the practice of hairdressing, or cosmetology for three (3) years prior to the passage of this Act; and shall maintain on its staff one Doctor of Medicine, as a consultant, who shall lecture monthly on sanitation, sterilization and the use of antiseptics consistent with the practical and theoretical requirements as to the classified occupations as provided by this Act, and shall possess apparatus and equipment for the proper and full teaching of all subjects of its curriculum; shall keep a daily record of

the attendance of students; maintain regular class and instruction hours, establish grades and hold examinations before issuing diplomas, and shall require a school term of not less than one thousand (1,000) hours to be completed in not less than six (6) months for a complete course of all or a majority of the practices of hairdressing and cosmetology."

Section 15(a) of Art. 734b, of the Penal Code, reads as follows:

"If an applicant for examination passes such examination to the satisfaction of the Board and in accordance with the rules promulgated by said Board, the Board shall issue a certificate to that effect, signed by the President and Secretary and attested with its seal. Such certificate shall be evidence that the person to whom it is issued is entitled to follow the practices, occupation, or occupation stipulated therein, as prescribed in this Act. Such certificates shall be conspicuously displayed in his or her place of business or employment, provided, however, that where the applicant is a graduate of some school of beauty culture duly licensed and recognized, then such applicant after passing an examination as provided for in Section 9 shall be given a certificate."

After a careful study of the foregoing articles, we do not find any provision requiring a student to complete 1000 hours in not less than six months, nor take a final examination, graduate, and be issued a diploma from a recognized Beauty School before making application to the Board for examination. Section 11(a), supra, governs Schools of Beauty Culture and does not prescribe the qualifications that an applicant for the State Board Examination must possess. We therefore answer your first question in the negative.

The above statutes give the State Board of Hairdressers and Cosmetologists authority to promulgate certain

rules and regulations governing applications for examination, and we feel that requiring applications to be filed with the Board fifteen days prior to the first day of the examination session is a reasonable requirement coming within the powers of said Board. We therefore answer your second question in the affirmative.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By      *J. C. Davis, Jr.*
         J. C. Davis, Jr.
         Assistant

APPROVED SEP 27 1944

ATTORNEY GENERAL OF TEXAS

JCD:rt

